# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA          :

          v.          :          CRIMINAL NO. 19-717

WILLIAM A. MERLINO          :

## GOVERNMENT'S PROPOSED JURY INSTRUCTIONS

The United States of America, by its attorneys, Jacqueline C. Romero, United States

Attorney for the Eastern District of Pennsylvania, and Joan E. Burnes, Assistant United States

Attorney for the district, respectfully submits the following proposed jury instructions[1] pursuant

to Federal Rule of Criminal Procedure 30 and requests leave to file any supplemental instructions

as may appear necessary and proper.

        Respectfully submitted,

        JACQUELINE C. ROMERO
        United States Attorney

        DAVID E. TROYER
        Assistant United States Attorney
        Chief, Government and Healthcare Fraud

        */s/ Joan E. Burnes*
        JOAN E. BURNES
        Assistant United States Attorney

Date: July 25, 2022

---

[1] The government has noted deletions from model instructions by ~~strikeout~~ and additions by underlining.

## Table of Contents

**Government Request No. 1** ....................................................................................... 1

    Role of Jury

**Government Request No. 2** ....................................................................................... 3

    Jury Recollection Controls

**Government Request No. 3** ....................................................................................... 4

    Penalty Not To Be Considered

**Government Request No. 4** ....................................................................................... 5

    Evidence

**Government Request No. 5** ....................................................................................... 8

    Direct and Circumstantial Evidence

**Government Request No. 6** ..................................................................................... 10

    Not All Evidence, Not All Witnesses Needed

**Government Request No. 7** ..................................................................................... 11

    Summaries – Underlying Evidence Admitted

**Government Request No. 8** ..................................................................................... 12

    Summaries – Underlying Evidence Not Admitted (F.R.E. 1006)

**Government Request No. 9** ..................................................................................... 13

    Stipulated Testimony; Stipulation of Fact; Judicial Notice (F.R.E. 201)

**Government Request No. 10** ................................................................................... 14

    Presumption of Innocence; Burden of Proof; Reasonable Doubt

**Government Request No. 11** ................................................................................... 16

    Verdict as to Defendant Only

**Government Request No. 12** ................................................................................... 17

    Specific Investigation Techniques Not Required

**Government Request No. 13** ................................................................................... 18

    Credibility of Witnesses

**Government Request No. 14** ................................................................................... 20

    Credibility of Witnesses – Law Enforcement Officer

**Government Request No. 15** ................................................................................... 21

Opinion Evidence (Expert Witnesses)

**Government Request No. 16** ................................................................. **22**

Defendant's Choice not to Testify or Present Evidence

**Government Request No. 17** ................................................................. **23**

Defendant's Testimony

**Government Request No. 18** ................................................................. **24**

False in One, False in All

**Government Request No. 19** ................................................................. **25**

Consciousness of Guilt (Flight, Concealment, Use of an Alias, etc.)

**Government Request No. 20** ................................................................. **26**

Consciousness of Guilt (False Exculpatory Statements)

**Government Request No. 21** ................................................................. **27**

Defendant's Prior Bad Acts or Crimes (F.R.E. 404(b))

**Government Request No. 22** ................................................................. **29**

Prior Statement of Defendant – Single Defendant on Trial

**Government Request No. 23** ................................................................. **30**

Defendant's Character Evidence

**Government Request No. 24** ................................................................. **31**

Sympathy and Bias

**Government Request No. 25** ................................................................. **32**

Motive Explained

**Government Request No. 26** ................................................................. **33**

Nature of the Indictment

**Government Request No. 27** ................................................................. **34**

On or About

**Government Request No. 28** ................................................................. **35**

Indictment in the conjunctive, statute and required proof in the disjunctive

**Government Request No. 29** ................................................................. **36**

Count One – Federal Food, Drug, and Cosmetic Act ("FDCA") (21 U.S.C. §§ 301-399)

**Government Request No. 30** ................................................................. **37**

Count One – Introduction of Misbranded Drugs into Interstate Commerce (21 U.S.C. §§ 331(a), 352(a), 333(a)(2) – Elements of the Offense

**<u>Government Request No. 31</u>** ................................................................................. **38**

    Count One – Introduction of Misbranded Drugs into Interstate Commerce – First Element – "Drug" Defined

**<u>Government Request No. 32</u>** ................................................................................. **40**

    Count One – Introduction of Misbranded Drugs into Interstate Commerce – Second Element Element – "Misbranded" Defined

**<u>Government Request No. 33</u>** ................................................................................. **41**

    Count One – Introduction of Misbranded Drugs into Interstate Commerce – Third Element – Interstate Commerce Defined

**<u>Government Request No. 34</u>** ................................................................................. **42**

    Count One – Introduction of Misbranded Drugs into Interstate Commerce – Fourth Element – Intent to Defraud or Mislead Defined

**<u>Government Request No. 35</u>** ................................................................................. **44**

    Election of Foreperson; Unanimous Verdict; Do Not Consider Punishment; Duty to Deliberate; Communication with Court

**<u>Government Request No. 36</u>** ................................................................................. **47**

    Verdict Form

## Government Request No. 1

### Role of Jury

Members of the jury, you have seen and heard all the evidence and the arguments of the lawyers. Now I will instruct you on the law.

You have two duties as a jury. Your first duty is to decide the facts from the evidence that you have heard and seen in court during this trial. That is your job and yours alone. I play no part in finding the facts. You should not take anything I may have said or done during the trial as indicating what I think of the evidence or what I think about what your verdict should be.

Your second duty is to apply the law that I give you to the facts. My role now is to explain to you the legal principles that must guide you in your decisions. You must apply my instructions carefully. Each of the instructions is important, and you must apply all of them. You must not substitute or follow your own notion or opinion about what the law is or ought to be. You must apply the law that I give to you, whether you agree with it or not.

Whatever your verdict, it will have to be unanimous. All of you will have to agree on it or there will be no verdict. In the jury room you will discuss the case among yourselves, but ultimately each of you will have to make up his or her own mind. This is a responsibility that each of you has and that you cannot avoid.

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media, such as the telephone, a cell phone, smart phone, iPhone, Blackberry or computer, the Internet, any Internet service, any text or instant messaging service, any Internet chat room, blog, or social media website ~~such as Facebook, MySpace, LinkedIn, YouTube or Twitter,~~ to communicate to

1

anyone any information about this case or to conduct any research about this case until I accept your verdict. In other words, you cannot talk to anyone on the phone, correspond with anyone, or electronically communicate with anyone about this case. You can only discuss the case in the jury room with your fellow jurors during deliberations.

You may not use these electronic means to investigate or communicate about the case because it is important that you decide this case based solely on the evidence presented in this courtroom. You are only permitted to discuss the case with your fellow jurors during deliberations because they have seen and heard the same evidence you have. In our judicial system, it is important that you are not influenced by anything or anyone outside of this courtroom.

Perform these duties fairly and impartially. Do not allow sympathy, prejudice, fear, or public opinion to influence you. You should also not be influenced by any person's race, color, religion, national ancestry, or gender, sexual orientation, profession, occupation, celebrity, economic circumstances, or position in life or in the community.

_____

Mod. Crim. Jury Instr. 3rd Cir. 3.01 (2021) (modified as noted).

## **Government Request No. 2**

### **Jury Recollection Controls**

If any reference by the Court or by counsel to matters of testimony or exhibits does not coincide with your own recollection of that evidence, it is your recollection that should control during your deliberations and not the statements of the Court or of counsel.

You are the sole judges of the evidence received in this case.

_____

1A Fed. Jury Prac. & Instr. § 12.07 (6th ed.) (unmodified); United States v. Thames, 846 F.2d 200, 204 (3d Cir.), cert. denied, 488 U.S. 928 (1988).

3

## **Government Request No. 3**

**Penalty Not To Be Considered**

The punishment provided by law for the offense charged in the indictment is a matter exclusively within the province of the Court and should never be considered by the jury in any way in arriving at an impartial verdict as to the offense charged.

_____

1A Fed. Jury Prac. & Instr. § 20.01 (6th ed. 2010) (the instruction set out is paragraph 6 of a longer instruction intended to be given as the jury retires); United States v. Austin, 533 F.2d 879, 884-85 (3d Cir. 1976), cert. denied, 429 U.S. 1043 (1977).

## Government Request No. 4

### Evidence

You must make your decision in this case based only on the evidence that you saw and heard in the courtroom. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence from which you are to find the facts consists of the following:

(1) The testimony of the witnesses;

(2) Documents and other things received as exhibits; and

(3) Any fact or testimony that was stipulated; that is, formally agreed to by the parties.

(4) Any facts that have been judicially noticed that is, facts which I say you may accept as true even without other evidence.

The following are not evidence:

(1) The indictment;

(2) Statements and arguments of the lawyers for the parties in this case;

(3) Questions by the lawyers and questions that I might have asked;

(4) Objections by lawyers, including objections in which the lawyers stated facts;

(5) Any testimony I struck or told you to disregard; and

(6) Anything you may have seen or heard about this case outside the courtroom.

You should use your common sense in weighing the evidence. Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience and common sense tells you that certain evidence reasonably leads to a conclusion, you may reach that conclusion.

5

As I told you in my preliminary instructions, the rules of evidence control what can be received into evidence. During the trial the lawyers objected when they thought that evidence was offered that was not permitted by the rules of evidence. These objections simply meant that the lawyers were asking me to decide whether the evidence should be allowed under the rules.

You should not be influenced by the fact that an objection was made. You should also not be influenced by my rulings on objections or any sidebar conferences you may have overheard. When I overruled an objection, the question was answered or the exhibit was received as evidence, and you should treat that testimony or exhibit like any other. When I allowed evidence (testimony or exhibits) for a limited purpose only, I instructed you to consider that evidence only for that limited purpose and you must do that.

When I sustained an objection, the question was not answered or the exhibit was not received as evidence. You must disregard the question or the exhibit entirely. Do not think about or guess what the witness might have said in answer to the question; do not think about or guess what the exhibit might have shown. Sometimes a witness may have already answered before a lawyer objected or before I ruled on the objection. If that happened and if I sustained the objection, you must disregard the answer that was given.

Also, if I ordered that some testimony or other evidence be stricken or removed from the record, you must disregard that evidence. When you are deciding this case, you must not consider or be influenced in any way by the testimony or other evidence that I told you to disregard.

Although the lawyers may have called your attention to certain facts or factual conclusions that they thought were important, what the lawyers said is not evidence and is not binding on you. It is your own recollection and interpretation of the evidence that controls your

6

decision in this case. Also, do not assume from anything I may have done or said during the trial that I have any opinion about any of the issues in this case or about what your verdict should be.

_____

Mod. Crim. Jury Instr. 3rd Cir. 3.02 (2021) (unmodified).

<u>**Government Request No. 5**</u>

<u>**Direct and Circumstantial Evidence**</u>

Two types of evidence may be used in this trial, "direct evidence" and "circumstantial (or indirect) evidence." You may use both types of evidence in reaching your verdict.

"Direct evidence" is simply evidence which, if believed, directly proves a fact. An example of "direct evidence" occurs when a witness testifies about something the witness knows from his or her own senses C something the witness has seen, touched, heard, or smelled.

"Circumstantial evidence" is evidence which, if believed, indirectly proves a fact. It is evidence that proves one or more facts from which you could reasonably find or infer the existence of some other fact or facts. A reasonable inference is simply a deduction or conclusion that reason, experience, and common sense lead you to make from the evidence. A reasonable inference is not a suspicion or a guess. It is a reasoned, logical decision to find that a disputed fact exists on the basis of another fact.

For example, if someone walked into the courtroom wearing a wet raincoat and carrying a wet umbrella, that would be circumstantial or indirect evidence from which you could reasonably find or conclude that it was raining. You would not have to find that it was raining, but you could.

Sometimes different inferences may be drawn from the same set of facts. The government may ask you to draw one inference, and the defense may ask you to draw another. You, and you alone, must decide what reasonable inferences you will draw based on all the evidence and your reason, experience and common sense.

8

You should consider all the evidence that is presented in this trial, direct and circumstantial. The law makes no distinction between the weight that you should give to either direct or circumstantial evidence. It is for you to decide how much weight to give any evidence.

_____

Mod. Crim. Jury Instr. 3rd Cir. 3.03 (2021) (unmodified).

**Government Request No. 6**

**Not All Evidence, Not All Witnesses Needed**

Although the government is required to prove the defendant guilty beyond a reasonable doubt, the government is not required to present all possible evidence related to the case or to produce all possible witnesses who might have some knowledge about the facts of the case. In addition, as I have explained, the defendant is not required to present any evidence or produce any witnesses.

[In this case, the defendant [presented evidence] [produced witnesses]. The defendant is not required to present all possible evidence related to the case or to produce all possible witnesses who might have some knowledge about the facts of the case.]

_____

Mod. Crim. Jury Instr. 3rd Cir. 3.05 (2021) (unmodified).

10

**<u>Government Request No. 7</u>**

**<u>Summaries – Underlying Evidence Admitted</u>**

      (The parties)(The government)(The defendant) presented certain (charts)(summaries) in order to help explain the facts disclosed by the (describe the admitted evidence that provided the basis for the summaries; e.g., books, records, documents) which were admitted as evidence in the case. The (charts)(summaries) are not themselves evidence or proof of any facts. If the (charts)(summaries) do not correctly reflect the evidence in the case, you should disregard them and determine the facts from the underlying evidence.

---------------------------

Mod. Crim. Jury Instr. 3rd Cir. 4.10 (2021) (unmodified).

**Government Request No. 8**

**Summaries – Underlying Evidence Not Admitted (F.R.E. 1006)**

Certain (charts)(summaries) offered by (the parties)(the government)(the defendant) were admitted as evidence. You may use those (charts)(summaries) as evidence, even though the underlying documents and records have not been admitted into evidence.

[However, the (accuracy)(authenticity) of those (charts)(summaries) has been challenged. You must decide how much weight, if any, you will give to them. In making that decision, you should consider the testimony you heard about the way in which the (charts)(summaries) were prepared.]

_____

Mod. Crim. Jury Instr. 3rd Cir. 4.11 (2021) (unmodified).

12

<u>**Government Request No. 9**</u>

<u>**Stipulated Testimony; Stipulation of Fact; Judicial Notice (F.R.E. 201)**</u>

The parties have agreed what (name of witness)'s testimony would be if called as a witness. You should consider that testimony in the same way as if it had been given here in court by the witness.[1]

The Government and the defendant have agreed that (set forth stipulated fact(s)) (is)(are) true. You should therefore treat (this fact)(these facts) as having been proved. You are not required to do so, however, since you are the sole judge of the facts.[2]

I have taken judicial notice of certain facts. (State the fact(s) that are being judicially noticed.) I believe (this fact is) (these facts are) (of such common knowledge) (can be so accurately and readily determined from (name accurate source)) that it cannot reasonably be disputed. You may accept this fact as proven, but are not required to do so. As with any fact the final decision whether or not to accept it is for you to make and you are not required to agree with me.[3]

_____

[1]Mod. Crim. Jury Instr. 3rd Cir. 4.01 (2021) (unmodified); [2]Mod. Crim. Jury Instr. 3rd Cir. 4.02 (2021) (unmodified); [3]Mod. Crim. Jury Instr. 3rd Cir. 4.03 (2021) (unmodified).

13

**Government Request No. 10**

**Presumption of Innocence; Burden of Proof; Reasonable Doubt**

The defendant pleaded not guilty to the offense charged. The defendant is presumed to be innocent. He started the trial with a clean slate, with no evidence against him. The presumption of innocence stays with the defendant unless and until the government has presented evidence that overcomes that presumption by convincing you that the defendant is guilty of the offense charged beyond a reasonable doubt. The presumption of innocence requires that you find the defendant not guilty, unless you are satisfied that the government has proved guilt beyond a reasonable doubt.

The presumption of innocence means that the defendant has no burden or obligation to present any evidence at all or to prove that he is not guilty. The burden or obligation of proof is on the government to prove that the defendant is guilty and this burden stays with the government throughout the trial.

In order for you to find the defendant guilty of the offense charged, the government must convince you that the defendant is guilty beyond a reasonable doubt. That means that the government must prove each and every element of the offense charged beyond a reasonable doubt. A defendant may not be convicted based on suspicion or conjecture, but only on evidence proving guilt beyond a reasonable doubt.

Proof beyond a reasonable doubt does not mean proof beyond all possible doubt or to a mathematical certainty. Possible doubts or doubts based on conjecture, speculation, or hunch are not reasonable doubts. A reasonable doubt is a fair doubt based on reason, logic, common sense, or experience. It is a doubt that an ordinary reasonable person has after carefully weighing all of

the evidence, and is a doubt of the sort that would cause him or her to hesitate to act in matters of importance in his or her own life. It may arise from the evidence, or from the lack of evidence, or from the nature of the evidence.

If, having now heard all the evidence, you are convinced that the government proved each and every element of the offense charged beyond a reasonable doubt, you should return a verdict of guilty for that offense. However, if you have a reasonable doubt about one or more of the elements of the offense charged, then you must return a verdict of not guilty of that offense.

_____

Mod. Crim. Jury Instr. 3rd Cir. 3.06 (2021) (unmodified).

## **Government Request No. 11**

### **Verdict as to Defendant Only**

You are here to determine whether the government has proven the guilt of the defendant for the charge in the indictment beyond a reasonable doubt. You are not called upon to return a verdict as to the guilt or innocence of any other person or persons.

So, if the evidence in the case convinces you beyond a reasonable doubt of the guilt of the defendant for the crime charged in the indictment, you should so find, even though you may believe that one or more other unindicted persons are also guilty. But if any reasonable doubt remains in your minds after impartial consideration of all the evidence in the case, it is your duty to find the defendant not guilty.

———————————————————

1A Fed. Jury Prac. & Instr. § 12:11 (6th ed.) (unmodified).

16

**Government Request No. 12**

**Specific Investigation Techniques Not Required**

During the trial, you heard testimony of witnesses and argument by counsel that the government did not use specific investigative techniques such as (mention omitted techniques that have been addressed in testimony or argument; e.g., fingerprint analysis, DNA analysis, the use of recording devices). You may consider these facts in deciding whether the government has met its burden of proof, because as I told you, you should look to all of the evidence or lack of evidence in deciding whether the defendant is guilty. However, there is no legal requirement that the government use any of these specific investigative techniques or all possible techniques to prove its case. There is no requirement to (mention omitted techniques; e.g., attempt to take fingerprints or offer fingerprint evidence, gather DNA evidence or offer DNA analysis, or use recording devices or offer recordings in evidence).

Your concern, as I have said, is to determine whether or not the evidence admitted in this trial proves the defendant's guilt beyond a reasonable doubt.

_____

Mod. Crim. Jury Instr. 3rd Cir. 4.14 (2021) (unmodified).

17

**Government Request No. 13**

**Credibility of Witnesses**

As I stated in my preliminary instructions at the beginning of the trial, in deciding what the facts are you must decide what testimony you believe and what testimony you do not believe. You are the sole judges of the credibility of the witnesses. Credibility refers to whether a witness is worthy of belief: Was the witness truthful? Was the witness' testimony accurate? You may believe everything a witness says, or only part of it, or none of it.

You may decide whether to believe a witness based on his or her behavior and manner of testifying, the explanations the witness gave, and all the other evidence in the case, just as you would in any important matter where you are trying to decide if a person is truthful, straightforward, and accurate in his or her recollection. In deciding the question of credibility, remember to use your common sense, your good judgment, and your experience.

In deciding what to believe, you may consider a number of factors:

(1) The opportunity and ability of the witness to see or hear or know the things about which the witness testified;

(2) The quality of the witness' knowledge, understanding, and memory;

(3) The witness' appearance, behavior, and manner while testifying;

(4) Whether the witness has an interest in the outcome of the case or any motive, bias, or prejudice;

(5) Any relation the witness may have with a party in the case and any effect the verdict may have on the witness;

(6) Whether the witness said or wrote anything before trial that was different from the witness' testimony in court;

18

(7) Whether the witness' testimony was consistent or inconsistent with other evidence that you believe [alternative: how believable the witness' testimony was when considered with other evidence that you believe]; and

(8) Any other factors that bear on whether the witness should be believed.

Inconsistencies or discrepancies in a witness' testimony or between the testimony of different witnesses may or may not cause you to disbelieve a witness' testimony. Two or more persons witnessing an event may simply see or hear it differently. Mistaken recollection, like failure to recall, is a common human experience. In weighing the effect of an inconsistency, you should also consider whether it was about a matter of importance or an insignificant detail. You should also consider whether the inconsistency was innocent or intentional.

You are not required to accept testimony even if the testimony was not contradicted and the witness was not impeached. You may decide that the witness is not worthy of belief because of the witness' bearing and demeanor, or because of the inherent improbability of the testimony, or for other reasons that are sufficient to you.

After you make your own judgment about the believability of a witness, you can then attach to that witness' testimony the importance or weight that you think it deserves.

The weight of the evidence to prove a fact does not necessarily depend on the number of witnesses who testified or the quantity of evidence that was presented. What is more important than numbers or quantity is how believable the witnesses were, and how much weight you think their testimony deserves.

_____

Mod. Crim. Jury Instr. 3rd Cir. 3.04 (2021) (unmodified).

19

## **Government Request No. 14**

### **Credibility of Witnesses – Law Enforcement Officer**

You have heard the testimony of a(n) law enforcement officer(s). The fact that a witness is employed as a law enforcement officer does not mean that (his)(her) testimony necessarily deserves more or less consideration or greater or lesser weight than that of any other witness. [At the same time, it is quite legitimate for defense counsel to try to attack the believability of a law enforcement witness on the ground that (his)(her) testimony may be colored by a personal or professional interest in the outcome of the case.] You must decide, after reviewing all the evidence, whether you believe the testimony of the law enforcement witness and how much weight, if any, it deserves.

_____

Mod. Crim. Jury Instr. 3rd Cir. 4.18 (2021) (unmodified).

**Government Request No. 15**

**Opinion Evidence (Expert Witnesses)**

The rules of evidence ordinarily do not permit witnesses to state their own opinions about important questions in a trial, but there are exceptions to these rules.

In this case, you heard testimony from (state the name of the person(s) who offered an opinion). Because of (his)(her)(their) knowledge, skill, experience, training, or education in the field of (state the witness(es)'s field), (Mr.)(Ms.)(Dr.)(name)(was) (were) permitted to offer a(n) opinion(s) in that field and the reasons for (that)(those) opinion(s).

The opinion(s)(this)(these) witness(es) state(s) should receive whatever weight you think appropriate, given all the other evidence in the case. In weighing this opinion testimony you may consider the witness' qualifications, the reasons for the witness' opinions, and the reliability of the information supporting the witness' opinions, as well as the other factors discussed in these instructions for weighing the testimony of witnesses. You may disregard the opinion(s) entirely if you decide that (Mr.) (Ms.)(Dr.)(name)'s opinion(s)(is)(are) not based on sufficient knowledge, skill, experience, training, or education. You may also disregard the opinion(s) if you conclude that the reasons given in support of the opinion(s) are not sound, or if you conclude that the opinion(s)(is)(are) not supported by the facts shown by the evidence, or if you think that the opinion(s)(is)(are) outweighed by other evidence.

_____

Mod. Crim. Jury Instr. 3rd Cir. 4.08 (2021) (unmodified).

**<u>Government Request No. 16</u>**

**<u>Defendant's Choice not to Testify or Present Evidence</u>**

The defendant did not testify (did not present evidence) in this case. A defendant has an absolute constitutional right not to testify (or to present any evidence). The burden of proof remains with the prosecution throughout the entire trial and never shifts to the defendant. The defendant is never required to prove that he is innocent. You must not attach any significance to the fact that the defendant did not testify. You must not draw any adverse inference against him because he did not take the witness stand. Do not consider, for any reason at all, the fact that a defendant did not testify. Do not discuss that fact during your deliberations or let it influence your decision in any way.

_____

Mod. Crim. Jury Instr. 3rd Cir. 4.27 (2021) (unmodified).

22

**<u>Government Request No. 17</u>**

**<u>Defendant's Testimony</u>**

In a criminal case, the defendant has a constitutional right not to testify. However, if he chooses to testify, he is, of course, permitted to take the witness stand on his own behalf. In this case, the defendant testified. You should examine and evaluate his testimony just as you would the testimony of any witness.

———————————————

Mod. Crim. Jury Instr. 3rd Cir. 4.28 (2021) (unmodified).

**Government Request No. 18**

**False in One, False in All**

If you believe that a witness knowingly testified falsely concerning any important matter, you may distrust the witness's testimony concerning other matters. You may reject all of the testimony or you may accept such parts of the testimony that you believe are true and give it such weight as you think it deserves.

_____

Mod. Crim. Jury Instr. 3rd Cir. 4.26 (2021) (unmodified).

**Government Request No. 19**

**Consciousness of Guilt (Flight, Concealment, Use of an Alias, etc.)**

You have heard testimony that after the crime was supposed to have been committed, William Merlino created false and fraudulent documents in the name of a legitimate medical doctor and a legitimate healthcare provider whom Merlino pretended had diagnosed and was treating the defendant for pancreatic cancer and falsely represented to his prior counsel, the government, and the United States District Court judge assigned to his criminal case that he was suffering from a serious medical condition, that is, pancreatic cancer.

If you believe that William Merlino describe the conduct proven), then you may consider this conduct, along with all the other evidence, in deciding whether the government has proved beyond a reasonable doubt that he committed the crime charged. This conduct may indicate that he thought he was guilty of the crime charged and was trying to avoid punishment. On the other hand, sometimes an innocent person may (describe the conduct proven) for some other reason. Whether or not this evidence causes you to find that the defendant was conscious of his guilt of the crime charged, and whether that indicates that he committed the crime charged, is entirely up to you as the sole judges of the facts.

_____

Mod. Crim. Jury Instr. 3rd Cir. 4.30 (2021) (modified to include conduct)

## **Government Request No. 20**

## **Consciousness of Guilt (False Exculpatory Statements)**

You have heard testimony that the defendant made certain statements outside the courtroom to law enforcement authorities in which he claimed that his conduct was consistent with innocence and not with guilt. The government claims that these statements are false.

If you find that the defendant made a false statement in order to direct the attention of the law enforcement officers away from himself, you may, but are not required to conclude that the defendant believed that he was guilty. It is reasonable to infer that an innocent person does not usually find it necessary to invent or fabricate an explanation or statement tending to establish his innocence. You may not, however, conclude on the basis of this alone, that the defendant is, in fact, guilty of the crime for which he is charged.

You must decide whether or not the evidence as to the defendant shows that he believed that he was guilty, and the significance, if any, to be attached to this evidence. In your evaluation, you may consider that there may be reasons—fully consistent with innocence—that could cause a person to give a false statement that he did not commit a crime. Fear of law enforcement, reluctance to become involved, or simple mistake may cause an innocent person to give such a statement or explanation.

_____

Mod. Crim. Jury Instr. 3rd Cir. 4.31 (2021) (unmodified).

26

**Government Request No. 21**

**Defendant's Prior Bad Acts or Crimes (F.R.E. 404(b))**

You have heard testimony that the defendant (summarize the other act evidence).

This evidence of other act(s) was admitted only for (a) limited purpose(s). You may consider this evidence only for the purpose of deciding whether the defendant (describe the precise purpose or purposes for which the other act evidence was admitted: for example (Pick those of the following, or other reasons, that apply)),

had the state of mind, knowledge, or intent necessary to commit the crime charged in the indictment;

or

had a motive or the opportunity to commit the acts charged in the indictment;

or

was preparing or planning to commit the acts charged in the indictment;

or

acted with a method of operation as evidenced by a unique pattern (describe);

or

did not commit the acts for which the defendant is on trial by accident or mistake.;

or

is the person who committed the crime charged in the indictment. You may consider this evidence to help you decide (describe how the evidence will be used to prove identity

27

(e.g., whether the evidence that the defendant committed the burglary in which the gun that is the subject of this trial was stolen makes it more likely that the defendant was the person who placed the gun in the trunk of the car).

Do not consider this evidence for any other purpose.

Of course, it is for you to determine whether you believe this evidence and, if you do believe it, whether you accept it for the purpose offered. You may give it such weight as you feel it deserves, but only for the limited purpose that I described to you.

The defendant is not on trial for committing these other acts. You may not consider the evidence of these other acts as a substitute for proof that the defendant committed the crime(s) charged. You may not consider this evidence as proof that the defendant has a bad character or any propensity to commit crimes. Specifically, you may not use this evidence to conclude that because the defendant may have committed the other act(s), (he)(she) must also have committed the act(s) charged in the indictment.

Remember that the defendant is on trial here only for (state the charges briefly), not for these other acts. Do not return a guilty verdict unless the government proves the crime(s) charged in the indictment beyond a reasonable doubt.

_____

Mod. Crim. Jury Instr. 3rd Cir. 4.29 (2021) (unmodified).

**Government Request No. 22**

**Prior Statement of Defendant – Single Defendant on Trial**

The government introduced evidence that the defendant made a statement to (name of person who took statement). You must decide whether the defendant did in fact make the statement. If you find that the defendant did make the statement, then you must decide what weight, if any, you feel the statement deserves. In making this decision, you should consider all matters in evidence having to do with the statement, including those concerning the defendant and the circumstances under which the statement was made.

[If, after considering the evidence, you determine that a statement, was made voluntarily, you may give it such weight as you feel it deserves under the circumstances. On the other hand, if you determine that the statement was not made voluntarily, you must disregard it. In determining whether any alleged statement was made voluntarily, you should consider the defendant's age, training, education, occupation, and physical and mental condition, and his treatment while in custody or under interrogation as shown by the evidence in the case. Also consider all other circumstances in evidence surrounding the making of the alleged statement.]

_____

Mod. Crim. Jury Instr. 3rd Cir. 4.32 (2021) (unmodified).

29

**Government Request No. 23**

**Defendant's Character Evidence**

You have heard (reputation)(opinion)(reputation and opinion) evidence about whether the defendant has a character trait for (name trait, such as truthfulness, peacefulness, honesty, being a law-abiding citizen, etc.).

You should consider this character evidence together with and in the same way as all the other evidence in the case in deciding whether the government has proved the charge beyond a reasonable doubt.

_____

Mod. Crim. Jury Instr. 3rd Cir. 4.39 (2021) (unmodified).

**Government Request No. 24**

**Sympathy and Bias**

Under your oath as jurors, you are not to be swayed by sympathy, bias, prejudice, fear, public opinion, or your own views as to the propriety or social desirability of this conduct.  You are to be guided solely by the evidence in the case, and the crucial hard-core question you must ask yourselves as you sift through the evidence is, where do you find the truth?  This is a quest for truth as to the facts; that is what a trial is.  It is not a battle of wits.  It is not a contest of salesmanship, and it is not a contest of personalities.  The only triumph in any case is whether or not the truth has triumphed.  If it has, then justice has been done.  If not, justice will not have been done.

The conduct charged in the indictment is illegal under federal law.  The issue and only issue for you to decide is whether or not any defendant has violated the law.  You are to determine the guilt or innocence of the defendant solely on the basis of the evidence and the law as I have now charged you.  If you find that the law has not been violated, you should not hesitate for any reason to return a verdict of not guilty.  If, on the other hand, you find beyond a reasonable doubt that the law has been violated as charged, you should not hesitate to render a verdict of guilty.  In sum, you must not decide this matter based on anything other than the evidence in this case and the law as I have instructed you as you said under oath you could at the time of your selection as jurors.

_____

United States v. Martorano, Criminal No. 82 00013 (E.D. Pa.), aff'd, 709 F.2d 863 (3d Cir. 1983).

**<u>Government Request No. 25</u>**

**<u>Motive Explained</u>**

Motive is not an element of the offense with which the defendant is charged. Proof of bad motive is not required to convict. Further, proof of bad motive alone does not establish that the defendant is guilty and proof of good motive alone does not establish that The defendant is not guilty. Evidence of the defendant's motive may, however, help you find the defendant's intent.

Intent and motive are different concepts. Motive is what prompts a person to act. Intent refers only to the state of mind with which the particular act is done.

Personal advancement and financial gain, for example, are motives for much of human conduct. However, these motives may prompt one person to intentionally do something perfectly acceptable while prompting another person to intentionally do an act that is a crime.

_____

Mod. Crim. Jury Instr. 3rd Cir. 5.04 (2021) (unmodified).

**Government Request No. 26**

**Nature of the Indictment**

As you know, the defendant is charged in the indictment with violating federal law, specifically introduction of misbranded drugs into interstate commerce. As I explained at the beginning of trial, an indictment is just the formal way of specifying the exact crime a defendant is accused of committing. An indictment is simply a description of the charge against a defendant. It is an accusation only. An indictment is not evidence of anything, and you should not give any weight to the fact that the defendant has been indicted in making your decision in this case.

_____

Mod. Crim. Jury Instr. 3rd Cir. 3.07 (2021) (unmodified).

## **Government Request No. 27**

**On or About**

      You will note that the indictment charges that the offense was committed "on or about" a certain date. The Government does not have to prove with certainty the exact date of the alleged offense. It is sufficient if the Government proves beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged.

_____

Mod. Crim. Jury Instr. 3rd Cir. 3.08 (2021) (unmodified).

**Government Request No. 28**

**Indictment in the conjunctive, statute and required proof in the disjunctive**

Before I discuss elements of the offenses charged in the indictment, I want to instruct you in the meaning of the word "and" when it is used in statutes or indictments.

It is not uncommon that a given criminal statute will prohibit not merely one form of action but several related forms of action in what lawyers call "the disjunctive," that is, separated by the word "or." For example, the federal child pornography statute, 18 U.S.C. § 2251(a), makes it illegal for any person to employ, use, persuade, induce, entice, or coerce a minor to engage in sexually explicit conduct. This statute prohibits six different actions: (1) employing a minor, (2) using a minor, (3) persuading a minor, (4) inducing a minor, (5) enticing a minor, and (6) coercing a minor. All six of these crimes are separated by the word "or" in the statute. Yet, it is permissible for the government to charge all six in an indictment and separate them with the word "and." This, however, does not mean that if the government does so, it must prove that the defendant violated the statute in all six ways. If only one of those alternatives is proved beyond a reasonable doubt, that is sufficient for conviction. As the United States Supreme Court has said: "The general rule is that when a jury returns a guilty verdict on an indictment charging several acts in the conjunctive, . . . the verdict stands if the evidence is sufficient with respect to any one of the acts charged."

———————————————

Turner v. United States, 396 U.S. 398, 420-21 (1970); United States v. Niederberger, 580 F.2d 63, 67-68 (3d Cir. 1978); United States v. Vampire Nation, 451 F.3d 189, 204 (3d Cir. 2006).

**Government Request No. 29**

**Count One – Federal Food, Drug, and Cosmetic Act ("FDCA") (21 U.S.C. §§ 301-399g)**

This is a criminal prosecution arising in part under the Federal Food, Drug, and Cosmetic Act, Title 21, United States Code, Sections 301-399g, which has as its underlying purpose the protection of the public health and welfare, including the protection of consumers, who in the circumstances of modem society, are unable to protect themselves either from drugs that may not be safe and effective for their intended uses or from drugs that bear labels that do not contain adequate directions and warnings, or are not easily understood by ordinary persons. From now on, I will refer to the Federal Food, Drug, and Cosmetic Act as the "FDCA."

---

United States v. An Article of Dug . . . Bacto-Unidisk, 394 U.S. 784, 798 (1969) (the FDCA's "overriding purpose [is] to protect public health"); 62 Cases, More or less, Each Containing Six Jars of Jam v. United States, 340 U.S. 593, 596 (1967) (FDCA "touch[es] phases of the lives and health of people which, in the circumstances of modern industrialism, are largely beyond self-protection") (quoting United States v. Dotterweich, 320 U.S. 277, 280 (1943)).

36

**Government Request No. 30**

**Count One – Introduction of Misbranded Drugs into Interstate Commerce (21 U.S.C. §§ 331(a), 352(a), 333(a)(2) – Elements of the Offense**

The defendant is charged in Count One of the indictment with the introduction of misbranded drugs into interstate commerce. This crime has four elements:

One: That the charged substance, 2,4-Dinitrophenol ("DNP"), is a drug;

Two: The drug was misbranded in at least one way;

Three: The defendant introduced or caused the introduction of the drug into interstate commerce; and,

Four: The defendant acted with the intent to defraud or mislead.

If all of these elements have been proved beyond a reasonable doubt, then you must find the defendant guilty of the crime charged. Otherwise, you must find the defendant not guilty.

_____

21 U.S.C. §§ 331(a), 333(a)(2).

**Government Request No. 31**

**Count One – Introduction of Misbranded Drugs into Interstate Commerce – First Element – "Drug" Defined**

A "drug" is an article intended for use in the diagnosis, cure, mitigation, treatment, or prevention of disease in man or other animals; articles (other than food) intended to affect the structure or any function of the body of man or other animals; and articles intended for use as a component of either aforementioned article.

Whether a product is considered to be a drug will depend on its intended use. Intended use is determined by the objective intent of the person responsible for labeling the drugs. The intent is determined by such person's expressions or may be shown by the circumstances surrounding the distribution of the article. This objective intent may, for example, be shown by labeling claims, advertising matter, or oral or written statements by such persons or their representatives.

A product's intended use is what a reasonable person would conclude the manufacturer or seller intended, based on all of the relevant information. You can determine the intended use of a product by considering the label, accompanying labeling, promotional material, advertising, oral representations made about the product, the circumstances surrounding the distribution of the article, and information from any other source which discloses intended use. The mere use of the name of the product can be a claim to diagnose, mitigate, treat, cure, or prevent disease. You are not bound by any particular claims or statements made by the manufacturer or seller disclaiming an intended use if there is other evidence concerning intended use that conflicts with those claims or statements.

38

If you find that the Defendant intended for the "2,4-Dinitrophenol" product to be used for the diagnosis, cure, mitigation, treatment, or prevention or disease in man, or to affect the structure or any function of the body, then you must find that "2,4-Dinitrophenol" product is a drug under the FDCA.

───────────────────────────

21 U.S.C. § 321(g); 21 C.F.R. § 201.128; <u>United States v. Hohensee</u>, 243 F.2d 367, 370 (3d Cir. 1957) (citing <u>Kordel v. United States</u>, 335 U.S. 345 (1948)).

**Government Request No. 32**

**Count One – Introduction of Misbranded Drugs into Interstate Commerce – Second Element – "Misbranded" Defined**

First, a drug is misbranded within the meaning of Title 21, United States Code, Section § 352(a), if its labeling is false or misleading in any particular. The FDCA has distinct definitions for the terms "label" and "labeling." The term "label" means a display of written, printed, or graphic matter upon the immediate container of any article. The term "labeling" means all labels and other written, printed, or graphic matter that appears on any product or on any of its containers or wrappers, or that accompanies the product. Thus, the term "labeling" is broader than the term "label," and "labels" are but one kind of "labeling." It is unnecessary for the matter to have been physically attached to the drug or to have been shipped at the same time or with the drug to constitute "labeling." Under the FDCA, as I just explained, such matter can constitute "labeling" if it "accompanies the product." If such matter is provided as part of an integrated distribution program pertaining to a drug and explains the uses of the drug, then it "accompanies" the drug and constitutes "labeling." For example, information on a company's website can constitute "labeling" if such information is provided as part of an integrated distribution program with respect to the drug.

You do not need to find that the labeling is false or misleading in its entirety. You need only find that any single representation in the labeling is false or misleading, with all of you agreeing as to the particular representation in which the labeling is false or misleading.

_____

21 U.S.C. §§ 321(k), 321(m), 352(a); Kordel v. United States, 335 U.S. 345 (1948).

**<u>Government Request No. 33</u>**

**<u>Count One – Introduction of Misbranded Drugs into Interstate Commerce – Third
Element – Interstate Commerce Defined</u>**

"Interstate commerce" means commerce between any state and any place outside of that state, including a foreign country.

To "introduce" a drug in interstate commerce, a defendant need not personally transport the drug across a state line. It is enough that the defendant caused an interstate shipment of the drug or one of its components.

———————————————

21 U.S.C. §§ 321(b), 331(a); <u>United States v. Dotterweich</u>, 320 U.S. 277, 284 (1943).

41

**Government Request No. 34**

**Count One – Introduction of Misbranded Drugs into Interstate Commerce – Fourth Element – Intent to Defraud or Mislead Defined**

The indictment alleges that the defendant violated provisions of the FDCA with the intent to defraud or mislead. To act with "intent to defraud" means to act with the specific intent to deceive or cheat, ordinarily for the purpose of bringing about some financial gain to oneself. It is not necessary, however, to prove that anyone was, in fact, defrauded as long as it is established beyond a reasonable doubt that the defendants acted with the intent to defraud.

You are instructed that to act with "intent to mislead" means to act with the specific intent to create a false impression by misstating, omitting, or concealing material facts. It is not necessary, however, to prove that anyone was, in fact, misled as long as it is established beyond a reasonable doubt that the defendant acted with the intent to mislead.

Ordinarily there is no way that a defendant's state of mind can be proved directly because no one can read another person's mind and tell what that person is thinking. A defendant's state of mind can be proved indirectly from the surrounding circumstances. This includes things such as what the defendant said, what the defendant did, how the defendant acted, and any other facts or circumstances in evidence that bear on the defendant's intent.

A defendant acts with the intent to defraud or mislead under the FDCA if the defendant acts with the intent to defraud or mislead another person in order to sell a misbranded drug. Such persons can include the United States and its agencies charged with regulating the sale of drugs, as well as other identifiable government agencies. To act with the intent to defraud or mislead the United States means to act with the specific intent to interfere with or obstruct a lawful

42

government function by deceit, craft or trickery, or at least by means that are dishonest. Intent to

defraud or mislead the United States can be established by proof beyond a reasonable doubt that

the defendant took affirmative steps in an effort to conceal their activities from government

agencies, such as the U.S. Food and Drug Administration or U.S. Customs and Border

Protection, charged with regulating those activities.

_____

Adapted from 1A Fed. Jury Prac. & Instr. § 16:07 (6th ed.); 21 U.S.C. § 333(a)(2); <u>United States v. Ellis</u>, 326 F.3d 550, 556-57 (4th Cir. 2003); <u>United States v. Bradshaw</u>, 840 F.2d 871, 874-875 (11th Cir. 1988).

**Government Request No. 35**

**Election of Foreperson; Unanimous Verdict; Do Not Consider Punishment; Duty to Deliberate; Communication with Court**

That concludes my instructions explaining the law regarding the testimony and other evidence, and the offenses charged. Now let me explain some things about your deliberations in the jury room, and your possible verdicts.

First: The first thing that you should do in the jury room is choose someone to be your foreperson. This person will speak for the jury here in court. He or she will also preside over your discussions. However, the views and vote of the foreperson are entitled to no greater weight than those of any other juror.

Second: I want to remind you that your verdict, whether it is guilty or not guilty, must be unanimous. To find The defendant guilty of an offense, every one of you must agree that the government has overcome the presumption of innocence with evidence that proves each element of that offense beyond a reasonable doubt. To find the defendant not guilty, every one of you must agree that the government has failed to convince you beyond a reasonable doubt.

Third: If you decide that the government has proved the defendant guilty, then it will be my responsibility to decide what the appropriate punishment should be. You should never consider the possible punishment in reaching your verdict.

Fourth: As I have said before, your verdict must be based only on the evidence received in this case and the law I have given to you. You should not take anything I may have said or done during trial as indicating what I think of the evidence or what I think your verdict should be. What the verdict should be is the exclusive responsibility of the jury.

44

Fifth: Now that all the evidence is in, the arguments are completed, and once I have finished these instructions, you are free to talk about the case in the jury room. In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement. Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say. Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong. But do not ever change your mind just because other jurors see things differently, or just to get the case over with. In the end, your vote must be exactly that— your own vote. It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience. Listen carefully to what the other jurors have to say, and then decide for yourself if the government has proved the defendant guilty beyond a reasonable doubt.

No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say. You should all feel free to speak your minds.

[Remember, if you elected to take notes during the trial, your notes should be used only as memory aids. You should not give your notes greater weight than your independent recollection of the evidence. You should rely upon your own independent recollection of the evidence or lack of evidence and you should not be unduly influenced by the notes of other jurors. Notes are not entitled to any more weight than the memory or impression of each juror.]

Sixth: Once you start deliberating, do not talk, communicate with, or provide any information about this case by any means to the court officials, or to me, or to anyone else except each other. During your deliberations, you may not use any electronic device or media, such as a ~~telephone~~, cell phone, smart phone, ~~iPhone, Blackberry or computer;~~ the internet, ~~any internet service,~~ or any text or instant messaging service; or any internet chat room, blog, or <u>social media</u>

45

website ~~such as Facebook, My Space, LinkedIn, YouTube or Twitter~~, to communicate to anyone any information about this case or to conduct any research about this case.

Seventh: If you have any questions or messages, your foreperson should write them down on a piece of paper, sign them, and then give them to the court official who will give them to me. I will first talk to the lawyers about what you have asked, and I will respond as soon as I can. In the meantime, if possible, continue with your deliberations on some other subject.

[If you want to see any of the exhibits that were admitted in evidence, you may send me a message and, if I can legally do so, I will have those exhibits provided to you.]

One more thing about messages. Do not ever write down or tell anyone how you or anyone else voted. That should stay secret until you have finished your deliberations. If you have occasion to communicate with the court while you are deliberating, do not disclose the number of jurors who have voted to convict or acquit on any offense(s).

_____

Mod. Crim. Jury Instr. 3rd Cir. 3.16 (2021) (modified as noted).

## **Government Request No. 36**

### **Verdict Form**

A verdict form has been prepared that you should use to record your verdict(s).

Take this form with you to the jury room. When you have reached your unanimous verdict(s), the foreperson should write the verdict(s) on the form, date and sign it, return it to the courtroom and give the form to my courtroom deputy to give to me. If you decide that the government has proved the defendant guilty of any or all of the offenses charged beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form. If you decide that the government has not proved the defendant guilty of some or all of the offenses charged beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form.

_____

Mod. Crim. Jury Instr. 3rd Cir. 3.17 (2021) (unmodified).

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the Government's Proposed Jury Instructions has

been served by me, this date, by email or electronic filing upon the following person:

Robert M. Gamburg, Esq.
1500 John F. Kennedy Blvd.
Suite 1203
Philadelphia, PA 19102
robert@gamburglaw.com
*Counsel for William A. Merlino*

***/s/ Joan E. Burnes***
JOAN E. BURNES
Assistant United States Attorney


Date: July 25, 2022