IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES<br><br>– vs. –<br><br>WILLIAM A. MERLINO | 2:19-cr-00717-GAM<br><br>Criminal Action |

**DEFENDANT WILLIAM A MERLINO'S REPLY BRIEF
IN SUPPORT OF RENEWED MOTION FOR JUDGMENT
OF ACQUITTAL UNDER FED. R. CRIM. P. 29**

**I.     The Government fails to show that "fraud on the FDA" is a valid theory in the Third Circuit and fails to show consumer deception.**

The Government incorrectly claims that there is a "consensus among the circuits" that the intent to deceive regulatory authorities establishes the "intent to defraud or mislead" necessary to convict on felony-misbranding charges. A consensus means that *everybody* agrees. But the Third Circuit doesn't.

The Government failed to address meaningfully the critical case, *United States v. Greenbaum*, 138 F.2d 437 (3d Cir. 1943). There, the Third Circuit explicitly stated that an intent to deceive the customer was necessary: there is no deceptive intent if the customer "knows what he is getting and gets what he wants."" *Id.* at 439.

The Government's only response is to claim, without basis, that *Greenbaum* contained "no discussion of what evidence was required to sustain a felony conviction." (Doc. 80 at 12 n.1). That is false. *Greenbaum* explicitly discusses the intent necessary to convict on a felony to distinguish it from misdemeanor charges. While we are loathe to use a lengthy block quote, we must because the decision is so clearly contrary to the Government's claims:

> We cannot agree with the contention of the government that the fact that an offense under § 333(b), which deals with the introduction of a prohibited article in interstate commerce "with intent to defraud or mislead", is more severely punished than the first offense under § 333(a) furnishes an implication that under § 333(a), proof of the alleged offender's knowledge and wilfulness is not intended. If "intent to defraud or mislead" embraced all instances where there was knowledge or wilfulness, then the argument, based on the inclusion of the requirement in the one instance and its exclusion in the other, would be both pertinent and cogent. *But, conceivably, there can be instances where the introduction of a prohibited article in interstate commerce is with knowledge and wilfulness and yet without intent to deceive or mislead, e. g., where the consignee [buyer] of the shipment knows what he is getting and gets what he wants.* Hence, the alleged distinction seems possibly to contain the reverse implication.

*Id.* at 439 (emphasis added).[1] This analysis was a necessary part of the Third Circuit's construction of § 333. It was not *dicta*.

---

[1] We should note that, at that time, the structure of the statute was slightly different. The felony charges with their intent requirement were available under § 333(b), while misdemeanor charges were available under § 333(a). Congress restructured these charges to be at § 331(a)(1) and (a)(2). But the substance of the provisions was materially identical.

Since then, the Third Circuit has never explicitly addressed the "fraud on the FDA" theory. Instead, as we outlined in our opening brief, it has cabined its review of the intent element to only the evidence about the misleading of customers.

The Third Circuit has never adopted the contrary position of other circuits that "fraud on the FDA" can establish the intent element. Instead, there is a circuit split because of the Third Circuit's decision in *Greenbaum*. While the Government might be able to persuade the Third Circuit to change its mind on *en banc* review, this Court should follow the Third Circuit's existing precedent.

In trying to satisfy the Third Circuit's standard, the Government offers only one piece of evidence—which does no such thing. It points to the eBay listing's statement that Dr. Merlino had "used DNP for patients[] when it was legal." (Doc. 80 at 12 n.2). The Government claims that Dr. Merlino had an intent to mislead customers solely because "no living physician could have legally provided DNP to patients in the United States" because it supposedly "has not been a legal drug since 1938." That argument is incorrect for several reasons.

First, the inquiry under *Greenbaum* is whether the customer knew what he was getting and got what he want. There is no evidence here that the customers didn't want DNP or didn't get DNP in the overall quantity and pre-pill dosage that they had requested. That is all that matters.

Second, the Government's argument is contrary to its indictment, theory of the case, and evidence. The Government's indictment and case at trial constrains itself to the theory that the DNP was branded solely because it was marked "not for human consumption" when both Dr. Merlino and his customers knew that it

wasn't. Any statement in the listing regarding the purpose of the DNP merely supports that theory. It suggests that the DNP was being sold for human consumption for weight loss—not for use on plants. A statement supporting the use of DNP for human consumption is not reflective of an intent to mislead people who want to buy it for human consumption.

## II. The Government fails to show the evidence necessary to support "fraud on the FDA" liability.

If this Court were to apply the "fraud on the FDA" theory despite *Greenbaum*, the outcome would depend on which version of it this Court adopts. We agree that most circuits—setting aside the Third Circuit—have adopted the "fraud on the FDA" theory. But their interpretation of it differs in ways critical to this case.

On the "most expansive" end is the Fourth Circuit's decision in *United States v. Ellis*, 326 F.3d 550 (4th Cir. 2003). We agree that the Government presented sufficient evidence to convict under the expansive *Ellis* version of the theory. *Ellis* permits a finding of "fraud on the FDA" if the defendant makes his operation more difficult to detect while knowing of the legal status of the drug at issue. *Id.* at 555. Under the applicable standard of review, we agree that a reasonable jury could so find.

*United States v. Mitcheltree*, 940 F.2d 1329 (10th Cir. 1991) is to the contrary. It requires a "misrepresentation or omission" in a communication made to an agency that regulates drugs. Id. at 1348. It specifically rejects the notion that "covert criminal activity involving drugs" is enough. *Id.* at 1352.

Under *Mitcheltree*, there is insufficient evidence to convict Dr. Merlino. We made that argument in our opening brief. The Government offers only a cursory response in a footnote. (Doc. 80 at 13 n.3). It explains that its evidence satisfies *Mitcheltree* because of a *tweet* from Dr. Merlino: "DNP for sale on eBay for weight loss. Is not legal in US so listed as fertilizer on eBay. #Diet #weightloss."

The Government's evidence does not satisfy *Mitcheltree*. A tweet is not a communication to the FDA. Nor is it even clear that the tweet concerned Dr. Merlino's own activities. He didn't, for example, link to his eBay listing. Nor were there any misrepresentation or omissions in the Tweet anyway. The tweet instead mirrors the evidence at trial and the Government's own case. The Government is prosecuting Dr. Merlino for selling DNP on eBay for weight loss. The Government itself contends that it is illegal to sell DNP for human consumption. And Dr. Merlino's eBay listing advertised DNP for use on plants.

The Government also cites other evidence in support of its "fraud on the FDA" theory outside of its cursory discussion of *Mitcheltree*. To support its "fraud on the FDA" theory, the Government offers seven pieces of evidence. It claims that: (1) Dr. Merlino did not conduct his business "in the open" because he did not disclose his conduct to the FDA; (2) his eBay listing said that the DNP was for use on plants; (3) he told Customs and Border Patrol that DNP could be used as an herbicide and to preserve wood and "was toxic" to humans; (4) used a variety of different return addresses for his DNP shipments; (5) told a customer that he could ship DNP to Canada if labeled "as Yellow Pigment 12"; (6) marked the DNP

shipments "not for human consumption; and (7) requested new, post-December 2018 customers to acknowledge that the DNP was not for human consumption.

None of this evidence satisfies *Mitcheltree*. Besides point 3, none of the evidence has anything to do with communications with a government agency.

As to the Customs and Border Patrol issue, that evidence doesn't cut it either. *Mitcheltree* demands a misstatement to a "government agency involved in consumer protection" that regulates drugs—that is, "the FDA or its state counterpart." *Mitcheltree*, 940 F.2d at 1350, 1352. CBP is not such an agency. The contents of any statement to CBP are irrelevant.

In sum, *Mitcheltree* rejects criminal liability here. Admittedly, *Ellis* would allow it.

The question is therefore which case to apply. We submit that *Mitcheltree* has the better of it as to a misbranding claim. Most critically, *Mitcheltree* gets it right under the plain meaning of the statute. Felony charges require an "intent to defraud or mislead" under 21 U.S.C. § 333(a)(2). Mere concealment of something isn't fraudulent or misleading. Those terms refer to active communications that deceive. And that is exactly what *Mitcheltree* demands.

Setting aside the plain meaning of the statute, it is also important to note that *Ellis* was **not** a misbranding case. The appeal concerned only the sufficiency of the evidence to support a "failure to register with the FDA" charge under § 331(p). *Ellis*, 326 F.3d at 552.[2] As we outlined earlier, Dr. Merlino faces no such charge.

---

[2] While the Government brought a misbranding charge, Ellis did not challenge it.

The importance of that distinction is that evidence of concealment of a drug operation is particularly relevant to a "failure to register" charge. Mere concealment makes it more difficult for the FDA to discover that someone is manufacturing drugs. Concealing the operation indicates an intent to prevent the FDA from discovering it. That is the point of concealing things. While we do not believe that mere intent to prevent discovery is enough under the plain meaning of the statute, at least it makes more sense in the "failure to register" context.

In contrast, this case does not concern a similar charge. The Government charged Dr. Merlino with misbranding only. This Court should not import the expansive *Ellis* theory of liability. Instead, this Court should apply *Mitcheltree*—which was a misbranding case.

### III. The Government's discussion of charges it never brought is irrelevant.

The Government contends that Dr. Merlino is guilty of crimes it never charged him with. That discussion is irrelevant for the obvious reason that those charges aren't at issue.

For instance, the Government argues that failing to register as a manufacturing facility is illegal under § 331(p). But it never brought § 331(p) charges.

The Government also claims that other aspects of the label were misbranded besides its indication that it was "not for human consumption." But, as even the Government admits, it never brought those charges. (Doc. 80 at 15) ("[T]he government *could have brought* a veritable buffet of misbranding charges.")

(emphasis added). Instead, the indictment claimed that the sole basis for the misbranding charges was the "not for human consumption" marking.

## IV. Conclusion

We ask this Court to enter a judgment of acquittal.

Respectfully submitted,

*/s/ Daniel J. Auerbach*
Robert Gamburg (Pa. I.D. No. 68808)
Daniel J. Auerbach (Pa. I.D. No. 316856)
Gamburg & Benedetto LLC
1500 John F. Kennedy Blvd., Suite 1203
Philadelphia, PA 19102
(215) 567-1486
robert@gamburglaw.com
dan@gamburglaw.com

Dated: August 31, 2022

## CERTIFICATE OF SERVICE

This document has been filed electronically and is available for viewing and downloading from the ECF system. Service is complete on the United States because its counsel is a Filing User.

                                              Respectfully submitted,

                                                */s/ Daniel J. Auerbach*
                                            Robert Gamburg (Pa. I.D. No. 68808)
                                            Daniel J. Auerbach (Pa. I.D. No. 316856)
                                            Gamburg & Benedetto LLC
                                            1500 John F. Kennedy Blvd., Suite 1203
                                            Philadelphia, PA 19102
                                            (215) 567-1486
                                            robert@gamburglaw.com
                                            dan@gamburglaw.com

Dated: August 31, 2022